LOCKE LORD LLP
Regina J. McClendon (SBN 184669)
rmcclendon@lockelord.com
Lindsey E. Kress (SBN 278213)
lkress@lockelord.com
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
Telephone: (415) 318-8810
Fax: (415) 676-5816

Attorneys for Creditor
HomeVestors of America, Inc.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 16-50361 MEH |
| LORI GREYMONT | Chapter 13 |
| Debtor | **MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Hearing Date: September 22, 2017 |
| | Hearing Time: 10:00 a.m. |
| | Judge: Hon. M. Elaine Hammond |

HomeVestors of America, Inc. ("HomeVestors"), a creditor and party in interest in the above-captioned chapter 13 case, hereby moves the Court for entry of an order granting relief from

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  the automatic stay as to Lori Lee Greymont (the "Debtor") to allow HomeVestors to terminate its

2  franchise agreement and related agreements with the Debtor. This motion is made on the grounds

3  that: (1) the Debtor has no equity in the franchise agreement (or the HomeVestors franchise) and it is

4  not necessary to her reorganization, and (2) cause exists to allow HomeVestors to terminate the

5  franchise agreement.

6        This Motion is based on the following Memorandum of Points and Authorities and the

7  declaration and exhibits attached thereto, and such other and further evidence as may be presented to

8  the Court in connection with this Motion and the hearing hereon, if any.

9        WHEREFORE, HomeVestors respectfully requests that this Court enter an order:

10        1.     Granting HomeVestors relief from the stay to proceed under applicable

11  nonbankruptcy law to terminate its franchise and related agreements with the Debtor;

12        2.     Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of

13  Bankruptcy Procedure; and

14        3.     Granting such other and further relief as the Court deems just and proper.

15  Dated: August 25, 2017               Respectfully submitted,

16                                LOCKE LORD LLP

17

18                                By:  */s/ Regina J. McClendon*

19                                  Regina J. McClendon
                                Lindsey E. Kress

20

21                                Attorneys for Creditor
                              HomeVestors of America, Inc.

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

HomeVestors of America, Inc. ("**HomeVestors**") files this *Memorandum of Points and Authorities* (this "**Memo**") in support of its *Motion for Relief from the Automatic Stay* (the "**Motion**"), which requests entry of an order modifying the automatic stay so that HomeVestors may terminate a certain franchise agreement (as amended and including all attachments thereto, the "**Franchise Agreement**"), which for the avoidance of doubt includes as an attachment a certain web-based software and services agreement (the "**Services Agreement**" and together with the Franchise Agreement, the "**Agreement**") with the debtor Lori Lee Greymont (the "**Debtor**"). In support of the Motion, HomeVestors submits the declaration of Bonnie M. DePasse (the "**Declaration**") attached hereto as **Exhibit A** and incorporated herein by reference, and states as follows:

### II. JURISDICTION AND VENUE

This Court has jurisdiction over the Motion by virtue of 11 U.S.C. § 362 and 28 U.S.C. § 1334. Venue is appropriate pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

### III. RELEVANT BACKGROUND FACTS

On February 5, 2016 (the "**Petition Date**"), the Debtor filed a voluntary chapter 13 petition commencing the above-captioned bankruptcy case. In her bankruptcy schedules of personal property, the Debtor listed, as an interest in an incorporated business, the following: "Summit Assets Group. Its assets include a franchise agreement with Homevestors [sic], which is a corporate asset but which was issued in the Debtor's name per requirements of the franchise." *See* Dkt. No. 1, at p. 13.[1] Also in the Debtor's original schedules, she listed the same interest in Summit Assets Group and the alleged overlapping interest in the Agreement with HomeVestors as an exempt asset. *See id.* at p. 19. This exempt status would have arguably obviated the need for HomeVestors to seek stay relief to terminate the Agreement, but the Debtor later amended her Schedule C to omit any reference to the Agreement being part of an exempt estate asset. *See generally* Dkt. No. 22. The

---

[1] All references to docket entries refer to those filed in the above-captioned case (Case. No. 16-50361), unless otherwise noted.

Debtor has not, however, amended her schedules of personal property to omit reference to the Agreement with HomeVestors. Moreover, the Debtor has failed to list HomeVestors as a creditor or a notice party, despite owing unpaid franchise-related payments to HomeVestors under the terms of the Agreement totaling $29,700.87 as of July 19, 2017. *See* Ex. A. at ¶ 4; Ex. A.2. This entire amount has accrued post-petition. *Id.*

Prior to the Petition Date, on or about December 24, 2013, HomeVestors and the Debtor entered into the Agreement, attached hereto as **Exhibit A.1** and incorporated herein by reference.[2] Among other things, the Agreement's terms and conditions authorized the Debtor, acting as franchisee, to: (1) operate a HomeVestors business within a designated territory; (2) and use HomeVestors's licensed trademarks and proprietary systems. *See* Ex. A.1 at p. 2. In exchange for these rights, the Debtor agreed to pay HomeVestors certain fees in accordance with additional terms and conditions. *See id.* at pp. 6–11. The Agreement further provides that failure to pay monies due and owing to HomeVestors constitutes a material default, and that upon failure to cure after ten days' notice of default HomeVestors possesses the right to terminate the Agreement at HomeVestors's sole election. *Id.* at pp. 41–42. As set forth in the report of the Debtor's post-petition open account activity, attached hereto as **Exhibit A.2** and incorporated herein by reference, the unpaid balance that the Debtor owed to HomeVestors was $29,700.87 as of July 19, 2017, and that amount remains unpaid. *See* Ex. A. at ¶ 4; Ex. A.2.

Upon termination of the Agreement, the Debtor will no longer be entitled to identify herself as a HomeVestors franchisee, must discontinue use of HomeVestors trade name, trademarks, and other associated symbols, and must cause all listing agencies to remove listings associated with Debtor's HomeVestors business, among other things. *See* Ex. A.1 at pp. 44–46. While termination of the Agreement would normally require the Debtor to pay all outstanding amounts owed to HomeVestors in addition to payment of liquidated damages, HomeVestors is not seeking stay relief

---

[2] Although the Agreement has been subsequently modified and amended from time to time, such modifications and amendments are not material to the relief requested in this Motion and Memo and therefore have not been included as exhibits. All original attachments to the Agreement, including the Services Agreement, have been included in Exhibit A.1.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

at this time to seek the Debtor's compliance with those payment obligations. Instead, at this time, HomeVestors is only seeking stay relief to terminate the Agreement with the Debtor.[3]

## IV.  ARGUMENTS AND AUTHORITIES

HomeVestors requests entry of an order modifying the automatic stay afforded under 11 U.S.C. § 362(a) with respect to the Debtor's interest in the Agreement so that HomeVestors may terminate the Agreement. Stay relief is warranted here because (1) the Debtor has no equity in the Agreement (or the HomeVestors franchise) and it is not necessary to her reorganization, and (2) cause exists to allow HomeVestors to terminate the Agreement. HomeVestors is entitled to stay relief to terminate the Agreement in accordance with its own terms, which allow for termination due to the material default of non-payment of amounts owed. *See* Ex. A.1 at pp. 41–42. "It is well settled that '[t]he Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms.'" *In re Carroll*, 903 F.2d 1266, 1271 (9th Cir. 1990) (quoting *In re Advent Corp.*, 24 B.R. 612, 614 (Bankr. 1st Cir. 1982)). Here, consistent with this statement in *Carroll*, HomeVestors seeks relief from the stay to terminate the Agreement by its own terms. *See id.* In accordance with *Carroll*, and because HomeVestors satisfies 11 U.S.C. § 362(d)(1) and (d)(2), it respectfully requests that its Motion be granted.

### A.  Relief From Stay Should be Granted Because there is no Equity in the Agreement and it is Not Necessary to the Debtor's Reorganization.

Section 362(d)(2) of the Bankruptcy Code provides that the Court "shall grant relief from the stay . . . , such as by terminating, annulling, modifying, or conditioning such stay with respect to a stay of an act against property . . . , if the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

Here, HomeVestors's request to terminate the automatic stay with respect to the Agreement satisfies the standards of Section 362(d)(2). First, the Debtor has only a contractual interest in the Agreement, and the Debtor's lack of any equity interest in the Agreement satisfies Section 362(d)(2)(A). To the extent the Debtor has an interest in the HomeVestors franchise, that interest is

---

[3] HomeVestors reserves all rights to seek further stay relief to enforce terms and conditions of the Agreement that are effective upon termination. Again, for the avoidance of doubt, HomeVestors is seeking to terminate the Franchise Agreement and all attachments thereto, which includes the Services Agreement.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

similarly contractual in nature and is not one of equity—notwithstanding that the Debtor scheduled her interest in the Agreement in the section that usually applies to equitable interests. *See* Dkt. No. 1, at p. 13 (listing the Agreement as an alleged corporate asset of Summit Assets Group, which the Debtor claimed a 100% equity ownership interest in). Moreover, "[t]he concept of 'equity' in property is based on the premise that the property itself has some economic value to its owner." *Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*, 344 B.R. 114, 121 (Bankr. E.D. Cal. 2006). By the Debtor's own admission in her schedules, her interest in the Agreement is nominal only, as the economic value of the Agreement allegedly inures to the benefit of Summit Assets Group. *See* Dkt. No. 1, at p. 13.

Second, Section 362(d)(2)(B) is satisfied because the Agreement is not necessary to an effective reorganization because (1) it is not being assumed in the Debtor's *Fourth Amended Chapter 13 Plan* (the "**Plan**"), (2) the Agreement's remaining in effect, and the Debtor's continued accrual of post-petition amounts owed thereunder, will actually inhibit the Debtor's ability to reorganize, and (3) the Debtor is only incurring liabilities under the Agreement without it being used to generate any income. To the extent the Agreement is an executory contract, the Debtor's Plan is not seeking to assume it. *See* Dkt. No. 88 at §§ 3.01–.02 (Debtor's Plan listing no executory contracts that the Debtor will assume). That may be because the Debtor lacks the ability to cure the default of $29,700.87 owed to HomeVestors. *See* 11 U.S.C. § 365(b) (requiring that defaults be cured before an executory contract may be assumed). And while the Debtor's Plan provides that all executory contracts not listed in the Plan are rejected, *see* Dkt. No. 88 at §§ 3.01–.02, the Debtor did not list any executory contracts in her schedules as property of the estate, *see* Dkt. No. 1 at Sch. G (listing no executory contracts). Thus, if the Agreement is an executory contract, the Debtor's failure to assume or reject it prior to confirmation means that her "obligations under it remain in effect and are unaltered by the plan." *In re Reasor*, No. 13-12494, 2014 WL 1647142, at *4 (Bankr. D. Kan. Apr. 23, 2014). The result is the same if the Agreement is a non-executory contract, which is treated identical to unscheduled executory contracts—in either event, a debtor's obligations "ride through" the bankruptcy and remain in place. *In re JZ L.L.C.*, 371 B.R. 412, 423–25 (B.A.P. 9th Cir. 2007).

Further, because the $29,700.87 owed under the Agreement consists solely of post-petition debt, the Debtor will not be entitled to discharge this amount even if she performs all of her other obligations under the Plan. *See In re Reasor*, 2014 WL 1647142, at *4; *see also In re Perkins*, 304 B.R. 477, 485 (Bankr. N.D. Ala. 2004) ("[T]he discharge of post-petition debt is dependent on two factors: first, the post-petition claim must be allowed under § 1305, and second, the Chapter 13 plan must provide for the post-petition claim."); *In re Trentham*, 145 B.R. 564, 569 (Bankr. E.D. Tenn. 1992) (recognizing four requirements for the discharge of post-petition consumer debt); *In re Thornton*, 21 B.R. 462, 464 (Bankr. W.D. Va. 1982).[4]  In the present situation, the likelihood of the Debtor continuing to incur non-dischargeable amounts owed under the Agreement actually interferes with an effective reorganization. *See In re Reasor*, 2014 WL 1647142, at *4.  Here, similar to the situation in *Reasor*, the Debtor's "non-treatment of the Agreement is not a bar to confirming her plan, though it may be an obstacle to her performing it." *Id.*

Finally, the Debtor's latest amended Schedules I & J reflect that she is not generating income from the Agreement or through the Summit Asset Group she controls with an alleged interest in the Agreement. *See* Dkt. No. 87 (reflecting income being derived only from another entity called SJREI and from family support payments).  The Debtor reports monthly net income of $429.00 and this amount is nearly dwarfed by the $350 monthly payments due under the Agreement without taking into account the other associated Agreement-based costs and expenses that come due. *See* Ex. A.1 at p. 6 (requiring monthly fee payment of $350).

In sum, the Agreement is not necessary to the Debtor's reorganization because it is not featured in her Plan as a component of the reorganization, its obligations and enforceability will "ride through" the bankruptcy, the post-petition indebtedness will remain non-dischargeable, and it continuing to remain in effect will actual interfere with the Debtor's ability to reorganize.  For these reasons, Section 362(d)(2)(B) is satisfied with respect to the Agreement.  HomeVestors should therefore be allowed to terminate the automatic stay because it satisfies the standards of 362(d)(2).

---

[4] HomeVestors has not filed a claim under section 1305, and the Debtor lacks the ability to file such a claim on HomeVestors's behalf. *See, e.g.*, *In re Trentham*, 145 B.R. 564, 567 (Bankr. E.D. Tenn. 1992) ("[I]t is within the postpetition consumer creditor's control whether a proof of claim is filed for the postpetition debt.  The debtor has no standing under § 1305 or the Federal Rules of Bankruptcy Procedure to file a proof of claim on behalf of a postpetition consumer creditor.").

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**B.     Cause Exists to Grant Relief From the Stay to Allow HomeVestors to Terminate the Agreement.**

The "cause" requirement under section 362(d)(1) includes "the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Here, HomeVestors is not adequately protected by the Debtor's ongoing use of the Agreement as the Debtor has failed to make any post-petition payments to HomeVestor's under the Agreement despite continuing to use HomeVestors's trademarks and service marks and proprietary systems. Courts have found a lack of adequate protection in precisely these circumstances when a debtor-franchisee fails to make franchise payments or is otherwise unable to cure its defaults all while enjoying the benefits of an agreement. *See, e.g.*, *In re Deppe*, 110 B.R. 898, 906 (Bankr. D. Minn. 1990) (agreeing with franchisor that "the existence of nonremedial grounds for termination, and the estate's resultant inability to assume the franchise agreements, give it "cause" for a grant of relief from stay pursuant to 11 U.S.C. § 362(d)(1)"); *In re B-K of Kan., Inc.*, 69 B.R. 812, 815 (Bankr. D. Kan. 1987) (finding a lack of adequate protection because "[t]he debtors have continued to use the trademarks and service marks without paying [the franchisor]").

Even if the Debtor is somehow able to cure the post-petition default of the outstanding $29,700.87 amount (which is incredibly unlikely), *see* Ex. A at ¶ 4; Ex. A.2, the Debtor must still be able to establish that HomeVestors is adequately protected on a going forward basis, *see* 11 U.S.C. § 361(1) (recognizing cash payment and periodic cash payments as forms of adequate protection). Given the current state of the Debtor's financial affairs, this will be impossible for her to do—she cannot make her required Plan payments in addition to the $350 monthly fee due under the Agreement while only netting $429 in income each month. *Compare* Dkt. No. 87 (disclosing $429 in net income as of June 22, 2017) *with* Ex. A.1 at p. 6 (requiring monthly fee payment of $350 under the Agreement).

Accordingly, HomeVestors is entitled to terminate the automatic stay to terminate the Agreement pursuant to 11 U.S.C. § 362(d)(1) as well.

### C.     The 14-Day Stay Under Fed. R. Bankr. P. 4001(a)(3) Should be Waived.

Under the Federal Rules of Bankruptcy Procedure, an order granting a motion for relief from stay is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.  Fed. R. Bankr. P. 4001(a)(3).  Here, the 14-day stay prevents HomeVestor's from terminating the agreement sooner, which in turn harms the Debtor as she continues to accrue post-petition payment obligations under the terms and conditions of the Agreement that are not dischargeable. *See* discussion in Part IV.A, *supra*.  All the while, the Debtor continues to enjoy the benefit of using trademarks and service marks and proprietary systems. *See* discussion in Part IV.B, *supra*. Accordingly, HomeVestors respectfully requests that the Court waive the 14-day stay so that HomeVestors may proceed with terminating the Agreement.

## V.     RESERVATION OF RIGHTS

HomeVestors reserves the right to seek additional relief from the automatic stay to enforce terms and conditions of the Agreement, including all rights and remedies available to HomeVestors under the Agreement, that are effective upon termination of the Agreement.  HomeVestors further reserves the right to oppose confirmation of the Debtor's Plan, to file a claim for post-petition indebtedness that has accrued under the terms of the Agreement either under 11 U.S.C. § 1305 or as a post-petition administrative expense, or to oppose the discharge of any debt owed by the Debtor to HomeVestors.

## VI.     CONCLUSION

WHEREFORE, HomeVestors requests entry of an order modifying the automatic stay and authorizing HomeVestors to terminate the Agreement, waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, and for such other relief as the Court deems just and proper under the circumstances.

//

//

//

//

//

1    Dated:  August 25, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LOCKE LORD LLP


By:   _/s/ Regina J. McClendon_
        Regina J. McClendon
        Lindsey E. Kress

Attorneys for Creditor
HomeVestors of America, Inc.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1

## CERTIFICATE OF SERVICE

2

The undersigned counsel for HomeVestors of America, Inc. certifies that on August 25,
2017, true and correct copies of the foregoing and the attached Relief from Stay Cover Sheet were
forwarded to all parties receiving notice of electronic filing (NEF) in this case from the Court's
electronic case filing (ECF) system, and by first class mail, postage prepaid, as indicated to the
parties identified below and included on the attached service list.

3

4

5

6

_____*/s/ Regina J. McClendon*_____
Regina J. McClendon

7

8   Lori L. Greymont
    1921 W. Edmundson Ave.
    Morgan Hill CA 95037
9   ***Debtor***

10  Henry G. Rendler
    Law Offices of Henry G. Rendler
11  1550 The Alameda #308
    San Jose CA 95126
12  ***Counsel for the Debtor***

13

14  Devin Derham-Burk, Esq.
    P.O. Box 50013
    San Jose, CA 95150-0013
15  ***Chapter 13 Trustee***

16

17

18

19

20

21

22

23

24

25

26

27

28

Label Matrix for local noticing
0971-5
Case 16-50361
Northern District of California
San Jose
Thu Aug 24 09:33:39 PDT 2017

ALMG
3364 Kenzo Ct.
Mountain View, CA 94040-4328

ALMG Enterprises, Inc.
3364 Kenzo Ct.
Mountain View, CA 94040-4328

ALMG Enterprises, Inc.
c/o Julia M. Wei, Esq.
The Law Offices of Peter N. Brewer
2501 Park Blvd., 2nd Floor
Palo Alto, CA 94306-1925

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Attn: Special Procedures
P.O. Box 2952
Sacramento, CA 95812-2952

Henry Chuang
Law Office of Peter N. Brewer
2501 Park Blvd. 2nd Fl.
Palo Alto, CA 94306-1925

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUS
c/o ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRU
PO Box 619096
Dallas, TX 75261-9096

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Dept Of Ed/Navient
P.O. Box 9635
Wilkes Barre, PA 18773-9635

Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013

Nanette Dumas
P.O. Box 50013
San Jose, CA 95150-0013

Employment Development Department
State of California
Bankruptcy Unit MIC: 92E
P.O. Box 826880
Sacramento, CA 94230-0001

Entrust FBO Scritzky
1078 Castleton Way
Sunnyvale, CA 94087-3707

Entrust Group, Inc., FBO R Lee
2362 County Line Rd.
Atlanta, GA 30331-6548

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO, CA 95812-2952

Arnold L. Graff
Aldridge Pite, LLP
4375 Jutland Dr. #200
P.O.Box 17933
San Diego, CA 92177-7921

Lori Lee Greymont
1921 W. Edmundson Ave.
Morgan Hill, CA 95037-9630

Greymont Service Corp.
c/o Michael Hall Greymont
17950 Hillwood Lane
Morgan Hill, CA 95037-3529

HSBC
Mortgage Service Center
P.O. Box 1945
Bowie, MD 20717-1945

HSBC
Mortgage Service Center
P.O. Box 5452
Mount Laurel, NJ 08054-5452

HSBC
Mortgage Service Center
P.O. Box 830
Bowie, MD 20718-0830

HSBC
c/o Trustee Corps
TS CA 08001444-13-1
17100 Gillette Ave.
Irvine, CA 92614-5603

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Angie Marie Marth
Shapiro, Van Ess, Sherman & Marth, LLP
949 S Coast Dr. #475
Costa Mesa, CA 92626-7792

Michael Hall Greymont
17950 Hillwood Lane
Morgan Hill, CA 95037-3529

Nationstar Mortgage LLC
c/o Alridge Pite, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-7921

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

Nationstar Mortgage, LLC
c/o ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

Navient Solutions Inc.
Department of Education Loan Services
P.O. Box 9635
Wilkes-Barre, PA 18773-9635

Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

PHH Mortgage Corporation
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

PHH Mortgage Corporation
One Mortgage Way
Mail Stop SV01
Mt Laurel NJ 08054-4637

Pensco FBO A. Scritzky
1078 Castleton Way
Sunnyvale, CA 94087-3707

Prop Management
205 Tucker Rd.
Scotts Valley, CA 95066

Henry G. Rendler
Law Offices of Henry G. Rendler
1550 The Alameda #308
San Jose, CA 95126-2304

STATE BOARD OF EQUALIZATION/SPECIAL OPS, MIC
PO BOX 942879
SACRAMENTO, CA 94279-0055

Santa Clara County Tax Collector
70 W. Hedding St.
County Government Center, East Wing
San Jose, CA 95110-1768

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

State of California
Franchise Tax Board
Bankruptcy Section MS A340
P.O. Box 2952
Sacramento, CA 95812-2952

Stuttgart, LLC
Attn.: Ann Stedler
3112 Windsor Rd.
Suite A114
Austin, TX 78703-2350

Trustee Corps
17100 Gillette Ave.
Irvine, CA 92614-5603

Trustee Corps
TS CA08001444-13-1
17100 Gillette Ave.
Irvine, CA 92614-5603

U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3661

Julia M. Wei
Law Offices of Peter N. Brewer
2501 Park Blvd. 2nd Fl.
Palo Alto, CA 94306-1925

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19101-1734

Nationstar Mortgage LLC
PO Box 619096
Dallas, TX 75261-9741

State Board of Equalization
Attn: Special Procedures Section, MIC:55
P.O. Box 942879
Sacramento, CA 94279

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)NATIONSTAR MORTGAGE, LLC

(du)Nationstar Mortgage LLC

End of Label Matrix
Mailable recipients       45
Bypassed recipients        2
Total                     47